UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No.  3:25-MJ-259-ZCB

JOVON BOOKER,
      a.k.a., "Playa Pat,"

      Defendant.
_____/

## ORDER REGARDING PROBABLE CAUSE

Pursuant to Rule 5.1(a) of the Federal Rules of Criminal Procedure, this court conducted a preliminary hearing in this case. For the reasons set forth below, this court finds that there is probable cause to believe that the Defendant, Jovon Booker, committed the offenses of conspiracy to distribute and possess with intent to distribute a controlled substances, namely more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846; possession with intent to distribute a controlled substance, namely more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841; and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

### I. Background

On July 18, 2025, the government filed a criminal complaint and an affidavit in support of the criminal complaint, which charged the Defendant with the crimes

noted above. Docs. 1 and 2. Based on the information contained in the affidavit in support of the criminal complaint, Magistrate Judge Zachary C. Bolitho issued a warrant for the Defendant's arrest. Doc. 3. On July 25, 2025, the Drug Enforcement Administration executed the arrest warrant. Doc. 15. Also on July 25, the Defendant had his initial appearance before Magistrate Judge Charles Kahn. Doc. 6.

## II. DISCUSSION

Pursuant to Rule 5.1(e), a federal court must determine whether there is probable cause to believe that the defendant committed the charged offense. The purpose of the probable cause review is to ensure that the government does not subject individuals to "unfounded charges of crime" and that the government does not prosecute persons based on "whim or caprice." *Gerstein v. Pugh*, 420 U.S. 103, 112 (1975) (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)); *United States v. Smith*, 928 F.3d 1215, 1243 n.21 (11th Cir. 2019) ("The purpose of a preliminary hearing is to ensure that the government has probable cause to proceed.").

Probable cause, however, "is not a high bar." *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)); *see United States v. $42,500 in U.S. Currency*, 283 F.3d 977, 980 (9th Cir. 2002) ("[P]robable cause is not an exacting standard."). Probable cause "is a relatively low threshold of proof . . . ." *Valdez v. McPheters*, 172 F.3d 1220, 1227 n.5 (10th Cir.

1999). "Probable cause does not require overwhelmingly convincing evidence . . . ." *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996). Probable cause exists when facts and reasonable inferences drawn from those facts, are sufficient to convince a person of ordinary prudence to believe the defendant committed the charged offense. *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979); *Gerstein*, 420 U.S. at 111; *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

"Federal crimes are made up of factual elements, which are ordinarily listed in the statute that defines the crime." *Richardson v. United States*, 526 U.S. 813, 817 (1999). "'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" *Mathis v. United States*, 579 U.S. 500, 504 (2016) (quoting *Elements*, BLACK'S LAW DICTIONARY (10th ed. 2014)). A probable cause analysis, therefore, should center on the elements of the charged offenses. *Hall v. District of Columbia*, 867 F.3d 138, 154 (D.C. Cir. 2017); *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1137-38 (11th Cir. 2007); *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1333 (11th Cir. 2004).

On July 30, 2025, the Defendant appeared before the undersigned for a preliminary hearing. At that hearing, the government proffered evidence which strongly indicated that the Defendant conspired to distribute controlled substances, distributed controlled substances, and participated in a conspiracy to launder money. This evidence included photographs of the Defendant posing with large amounts of

U.S. currency and photographs of narcotics. The evidence also included electronic evidence and evidence of items recovered during searches.

### III. Conclusion

For the reasons set forth above, this court finds that there is probable cause to believe that the Defendant committed the offenses charged in the complaint. Pursuant to Rule 5.1(e), the Defendant is required to appear for further proceedings regarding this alleged offense.

**SO ORDERED**, at Pensacola, Florida, this 30th day of July, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**